IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TIMOTHY SAMUELSON,
on behalf of Norris D. Samuelson, Jr.                                    PLAINTIFF

V.                    CASE NO. 4:20-CV-00198 KGB-JTK

COMMISSIONER of
SOCIAL SECURITY ADMINSTRATION                                            DEFENDANT

## RECOMMENDED DISPOSITION

**I.   Procedures for filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to District Judge Kristine G. Baker. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.   Introduction:**

Upon the death of his father, Norris D. Samuelson, Jr. ("Samuelson"), Plaintiff Timothy Samuelson filed a motion to be substituted as Plaintiff, citing Rule 25(a) of the Federal Rules of Civil Procedure. (Doc. No. 12). That motion was granted on November 4, 2020. (Doc. No. 13).

Samuelson applied for disability benefits on December 4, 2017, alleging disability beginning on March 15, 2017. (Tr at 12). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 20). The Appeals Council declined review, making

the ALJ's decision the final decision of the Commissioner. Samuelson requested judicial review.

For the reasons stated below, this Court should affirm the decision of the Commissioner.

### III. The Commissioner's Decision:

The ALJ found that Samuelson had not engaged in substantial gainful activity since the alleged onset date of March 15, 2017. (Tr. at 14). The ALJ found, at Step Two of the sequential five-step analysis, that Samuelson had the following severe impairments: type II diabetes mellitus, hyperlipidemia, sleep apnea, status post lumbar surgery in 2008, obesity, cervical degenerative disc disease, and status post transient ischemic attacks. *Id*.

At Step Three, the ALJ determined that Samuelson's impairments did not meet or equal a listed impairment. (Tr. at 15). Before proceeding to Step Four, the ALJ determined that Samuelson had the residual functional capacity ("RFC") to perform light work. *Id*. However, he could not climb ladders, ropes or scaffolds, could only frequently reach overhead bilaterally, and must avoid concentrated exposure to excessive vibrations. (Tr. at 16).

Relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that Samuelson was capable of performing past relevant work as a restaurant manager. (Tr. at 19). Therefore, the ALJ found that Samuelson was not disabled. (Tr. at 20).

### IV. Discussion:

A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only

evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

  B. Samuelson's Arguments on Appeal

Samuelson argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that the ALJ failed to properly consider the opinion of physical therapist, Carrie Johnson, and that the ALJ did not properly evaluate Samuelson's subjective complaints.

Samuelson had lumbar surgery in 2008, and he complained of intermittent back and neck pain throughout the relevant time-period. He sought out physical therapy in 2016, before the relevant time-period, and only resumed that therapy in 2019 (in 2016, he rated his pain at a 3 out of 10). (Tr. at 82, 640, 655-682). Objective MRI testing showed mild-to-moderate conditions in the lumbar and cervical spines. (Tr. at 18, 35-36, 354, 394-395). Routinely, at visits with his PCP, she found him to be in no acute distress. (Tr. at 600-611). The PCP, Dr. Kristen Wright, M.D., noted in February 2019, that Samuelson's clinical examination was "without abnormal findings." (Tr. at 19, 694). Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Indeed, records submitted to the Appeals Council after the hearing revealed generally normal musculoskeletal and neurological examinations. (Tr. at 26-31). Samuelson had normal range of motion in his spine, and treated only conservatively with muscle relaxers (he treated neuropathy with vitamins). (Tr. at 79-85). The need for only conservative treatment contradicts allegations of disabling conditions. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Samuelson had normal gait and coordination in June 2019, and he said

that therapy helped with back pain. (Tr. at 28-34).

Samuelson also complained of problems from strokes. A brain MRI from June 2015 showed past strokes, but a June 2019 brain MRI showed no new strokes (Tr. at 25), and a brain scan and IAC was normal (Tr. at 34). Samuelson did not seek regular care for symptoms of stroke, and he did not require more than conservative treatment.

Samuelson testified that he could perform simple daily activities, like some household chores, occasional lawn mowing, driving, helping in the kitchen, and caring for his granddaughter. (Tr. at 82-90). The hearing was on May 31, 2019, which means this testimony about his daily activities directly contradicted what he told Ms. Johnson on May 28, 2019 (that he could not perform activities of daily living). (Tr. at 715). Contradictory statements from a claimant undermine his claims, as does the ability to perform daily functions. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Ms. Johnson saw Samuelson one time during relevant time-period, but indicated, on May 28, 2019, that he could not perform even sedentary work. (Tr. at 712-719). The ALJ found Ms. Johnson's opinion to be unpersuasive.[1] He cited to Ms. Johnson's limited treatment, Samuelson's ability to perform daily activities, and the conservative treatment for his problems. (Tr. at 19). He noted a lack of observable abnormalities, which is consistent with what the PCP found and with generally normal clinical exams. *Id*. The ALJ discussed Samuelson's conditions and found some

---

[1] On January 28, 2017, the Administration promulgated new regulations governing how ALJs assess medical opinion evidence. The new rules focus on whether an opinion is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is persuasive if it is sufficiently relevant to and consistent with the medical evidence as a whole. See *Phillips v. Saul*, No 1:19-CV-00034-BD, at *4 (E.D. Ark. June 24, 2020).

to be severe impairments, so he clearly considered any evident abnormalities, but found that the record did not support a finding of total disability. He properly characterized Ms. Johnson's statement.

The ALJ also duly considered Samuelson's subjective complaints.[2] He noted that Samuelson was not always compliant with doctors' recommendations, treated conservatively, and could perform daily activities. (Tr. at 17-19). He also pointed out that Samuelson stopped working for reasons other than disability. *Id.*; (Tr. at 67-73). The ALJ's evaluation of subjective complaints was well-supported.

## V.  **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly analyzed and discussed the medical opinion from Ms. Johnson, and he did not err in his evaluation of Samuelson's subjective complaints. The finding that Samuelson was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 23rd day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Social Security Ruling 16-3p removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. 2016 SSR LEXIS 4 ("SSR 16-3p"); 20 C.F.R. §§ 404.1527, 404.927. SSR 16-3p became effective on March 28, 2016, and the underlying analysis incorporates the familiar factors (previously described by ALJs as the *Polaski* factors) that were in place prior to the new ruling. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 *14-15 (W.D. Mo. Jan. 9, 2017)(familiar factors include a claimant's daily activities; the nature, duration, frequency and intensity of her symptoms; precipitating and aggravating factors; and the type of medication and other treatment or measures used for the relief of pain and other symptoms); *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984).